UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE, LLC, formerly known as Coldwell Banker Real Estate Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SETTLER'S REAL ESTATE, LTD., doing business as Coldwell Banker Settler's Real Estate; and LINDA TUDOR,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR BREACH OF WRITTEN CONTRACT AND TRADEMARK INFRINGMENT (LANHAM ACT) |

Plaintiff Coldwell Banker Real Estate, LLC, formerly known as Coldwell Banker Real Estate Corporation ("Plaintiff"), alleges:

**THE PARTIES**

1.

At all material times, Plaintiff is and was a California limited liability company, with its principal place of business in Parsippany, New Jersey, and the successor in interest to Coldwell Banker Real Estate Corporation. Plaintiff is one of the largest real estate brokerage franchise systems in the United States and is widely known as a provider of real estate brokerage services.

Page 1

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

2.

Plaintiff is informed and believes and thereon alleges that, at all material times, Defendant Settler's Real Estate, Ltd. ("Settlers") was a Washington corporation, with its principal place of business in Washington, and has been and is in the business of providing real estate brokerage services in Jefferson County, Washington. Plaintiff is further informed and believes and thereon alleges that Defendant Linda Tudor ("Tudor") is the sole shareholder of Settlers.

3.

Plaintiff is informed and believes and thereon alleges that, at all material times, Tudor is and was a resident of Washington.

**JURISDICTION**

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark), 15 U.S.C. § 1121 (Lanham Act) and supplemental jurisdiction under 28 U.S.C. § 1367, in that the case raises federal questions under the federal trademark law, and the other claims are part of the same case or controversy as the federal trademark claims.

**VENUE**

5.

Venue is proper in this district and division under 28 U.S.C. § 1391 because all of the Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this district.

6.

Divisional venue is proper in the Tacoma Division pursuant to Local Rule 3(a) because all of the Defendants reside in Jefferson County, Washington.

Page 2

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

**THE COLDWELL BANKER MARKS**

7.

Plaintiff's trademarks, service marks, and logos ("Coldwell Banker Marks") are on the principal register of the United States Patent & Trademark Office. Plaintiff has the exclusive right to use and license the Coldwell Banker Marks and derivatives thereof, as well as the distinctive Coldwell Banker system, which provides real estate brokerage services to the public under the Coldwell Banker name. Plaintiff and its predecessors have continuously used each of the Coldwell Banker Marks since the date of the registrations. Those registrations are in full force and effect, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065. Plaintiff has given notice to the public of the registration of its trademarks and service marks as provided in 15 U.S.C. § 1111.

8.

Through its franchise systems, Plaintiff markets, promotes, and provides services to its real estate brokerage franchisees throughout the United States. In order to identify the origin of the real estate brokerage services, Plaintiff allows its franchisees to utilize the Coldwell Banker Marks.

9.

Plaintiff has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop good will, trade names, and trade marks to cause consumers throughout the United States to recognize the Coldwell Banker Marks as distinctly designating Coldwell Banker real estate brokerage services as originating with Plaintiff.

/ / /

/ / /

/ / /

/ / /

Page 3

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

**FIRST CAUSE OF ACTION**

**(Breach of Written Contract Against Settlers)**

10.

Plaintiff incorporates by reference paragraphs 1 through 9, above.

11.

Effective August 1, 1999, Plaintiff and Settlers entered into a Real Estate Franchise Agreement (the "Franchise Agreement") which, as amended, included the following terms:

(a) Settlers was authorized to use the Coldwell Banker Marks and franchise system in connection with providing real estate brokerage services under the name "Coldwell Banker Settler's Real Estate" at an office located at 309383 Highway 101, Brinnon, Washington;

(b) Unless terminated earlier, the Franchise Agreement would not expire until July 31, 2019;

(c) Settlers was obligated to pay royalties to Plaintiff of six percent (6%) of all gross revenues received with respect to the franchised real estate brokerage services that were the subject of the Franchise Agreement;

(d) Settlers was obligated to pay advertising fees to Plaintiff in the amount of two and one-half percent (2.5%) of its monthly gross revenues, with specified monthly minimum and maximum marketing fees;

(e) The prevailing party in any litigation related to the Franchise Agreement would be entitled to recover reasonable attorney's fees and costs;

(f) The parties waived the right to a jury trial in any lawsuit related to the Franchise Agreement;

(g) All delinquent payments owed by Settlers to Plaintiff under the Franchise Agreement would be subject to late charges of $10 for each late payment and bear

Page 4

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

interest at the highest rate permitted by law, not to exceed 1.5% interest per month;

    (h)    The Franchise Agreement may be terminated if Settlers defaults under its obligations and fails to cure such defaults after written notice;

    (i)    Upon termination, Settlers must immediately discontinue all use of the Coldwell Banker Marks including, among other things, causing all phone companies and publishers to remove all references to the Coldwell Banker Marks in connection with Settlers' business in any directories and listings.

12.

Settlers breached the Franchise Agreement by failing to timely and fully pay all royalties and advertising fees owed to Plaintiff under the Franchise Agreement, an amount which is currently $17,601.31, plus interest.

13.

Settlers failed and refused to pay the amounts due to Plaintiff under the Franchise Agreement, even after being given notice and an opportunity to cure. As a result, Plaintiff terminated the Franchise Agreement, effective April 1, 2010.

14.

After the Franchise Agreement was terminated by Plaintiff, Settlers continued to use and display the Coldwell Banker Marks and failed to cause phone companies and publishers to remove all references to the Coldwell Banker Marks in connection with Settlers' business in all directories and listings, all in breach of the Franchise Agreement.

15.

Plaintiff has performed all conditions required of it under the Franchise Agreement, except to the extent its performance has been prevented, excused or rendered impossible by Settlers' misconduct.

Page 5

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

16.

As a proximate result of the conduct alleged above, Plaintiff has been damaged in an amount that is currently at least $17,601.31, plus interest and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Breach of Written Guaranty Against Tudor)**

17.

Plaintiff incorporates by references paragraphs 1 through 16, above.

18.

In connection with the Franchise Agreement, Tudor entered into a written Guaranty of Payment and Performance ("the Guaranty").

19.

In the Guaranty, Tudor agreed to guarantee the prompt payment and performance by Settlers of all obligations under the Franchise Agreement.

20.

As alleged above, Settlers has failed to make payments and perform each obligation required under the Franchise Agreement, and Tudor has not paid those obligations as required by the Guaranty.

21.

Plaintiff has performed all conditions required of it under the Guaranty, except to the extent its performance has been prevented, excused or rendered impossible by Defendants' misconduct.

22.

As a proximate result, Plaintiff has been damaged in the amount of at least $17,601.34, plus interest and attorney fees.

Page 6

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

## THIRD CAUSE OF ACTION

### (Violation of Lanham Act Against All Defendants)

23.

Plaintiff incorporates by reference paragraphs 1 through 22, above.

24.

Plaintiff is informed and believes and thereon alleges that, after the termination of the Franchise Agreement, Defendants have continued to use or associate the Coldwell Banker Marks with their operation of a real estate brokerage office, including but not limited to maintaining signage outside of their office that displays the Coldwell Banker Marks, continuing to display the Coldwell Banker Marks on one or more pages of their website, and using the domain name "cbsettlers" for their website and for their email addresses, and have failed and refused to cause phone companies and publishers, including internet directories, to cease any and all association of the Coldwell Banker Marks with Defendants' real estate brokerage services.  Defendants had no authority to make any use of or obtain any association with any of the Coldwell Banker Marks after the termination of the Franchise Agreement on or about April 1, 2010.

25.

Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a) states, in pertinent part: "Any person who shall, without the consent of the registrant, use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services or in connection with such use is likely to cause confusion, or to cause a mistake, or to deceive… shall be liable in a civil action by the registrant…."

26.

Defendants have marketed and promoted, and continue to market and promote, their real estate brokerage services with the wrongful association and use of the

Page 7

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1   Coldwell Banker Marks, and such use has caused and is likely to cause confusion or
2   mistake among prospective or actual customers concerning the alleged sponsorship by
3   Plaintiff of the business activities of Defendants.

4                                          27.

5   Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), states in pertinent part:
6   "Any person who, on, or in connection with any goods or services… uses in commerce
7   any word, term, name, symbol… or any false designation of origin, false or misleading
8   description of fact, or false or misleading representation of fact, which is likely to cause
9   confusion, or to cause mistake, or to deceive as to the affiliation… or as to the origin,
10  sponsorship, or approval of his or her goods [or] services… shall be liable in a civil
11  action…."

12                                         28.

13  The acts of Defendants in marketing or promoting their real estate brokerage
14  services in association with the Coldwell Banker Marks constitutes (a) a false
15  designation of origin, (b) a false and misleading description of fact, and (c) a false and
16  misleading representation of fact, that has caused and is likely to continue to cause
17  confusion, or to cause mistake or deception as to the affiliation of Defendants' real
18  estate brokerage services with Plaintiff, and to cause confusion or to cause mistake or
19  deception, to the effect that Plaintiff sponsors or approves the services that Defendants
20  provide, all in violation of Section 43(a) of the Lanham Act.

21                                         29.

22  Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) provides, in pertinent part:
23  "The owner of a famous mark shall be entitled, subject to the principles of equity and
24  upon such terms as the court deems reasonable, to an injunction against another
25  person's commercial use in commerce of a mark or trade name, if such use begins after
26  the mark has become famous and causes dilution of the distinctive quality of the mark,

COMPLAINT
Case No.

Page 8

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1   and to obtain such other relief as provided in the subsection."

2                                          30.

3   Defendants' use of the Coldwell Banker Marks in connection with their real estate brokerage services, after the Coldwell Banker Marks became famous, has caused and will continue to cause dilution and disparagement of the distinctive quality of the Coldwell Banker Marks, and will lessen and continue to lessen the capacity of the Coldwell Banker Marks to identify and distinguish the goods and services of Plaintiff, all in violation of Section 43(c) of the Lanham Act.

                                           31.

As a result of the Defendants' ongoing acts of infringement, Plaintiff faces irreparable injury to its business, including but not limited to, loss of sales, profits, business reputation, and good will, and the likelihood that the distinctive quality of the Coldwell Banker Marks will be diluted and its reputation as a source of high quality real estate brokerage services will be diminished, losses that are virtually impossible to calculate.  Therefore, under common law principles, and under Section 43(c) of the Lanham Act, Plaintiff is entitled to an injunction precluding Defendants from any use of the Coldwell Banker Marks in connection with any goods or services they may sell or provide.

                                           32.

As a proximate result, Plaintiff has suffered damages in an amount to be established at trial.



WHEREFORE, Plaintiff prays for judgment as follows:

1.   For compensatory damages, according to proof;

2.   For an injunction, preliminarily during the pendency of this case and permanently thereafter, enjoining all Defendants from making any use of

Page 9

COMPLAINT
Case No.

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

| | | |
|---|---|---|
| 1 | | or association with the Coldwell Banker Marks; |
| 2 | 3. | For prejudgment interest where authorized by law; |
| 3 | 4. | For costs, including attorneys fees, where permitted by law; and |
| 4 | 5. | For such other relief as the court may grant. |
| 6 | | Dated this 19th day of January, 2011. |
| 7 | | SUSSMAN SHANK LLP |
| 10 | | By  /s/ John A. Schwimmer |
| | | John A. Schwimmer, WSBA 36558 |
| | | (503) 227-1111 |
| 11 | | Attorneys for Plaintiff |

F:\CLIENTS\17641\035\PLEADINGS\P-COMPLAINT.DOC

COMPLAINT
Case No.

Page 10

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111